IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BANK OF NEW YORK MELLON TRUST COMPANY,

    Plaintiff,

v.

TERRY WEATHERSPOON, et al.,

    Defendants.

No. 11 C 3495

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Plaintiff Bank of New York Mellon Trust Co.'s (Mellon) motion for summary judgment and on Defendant Terry Weatherspoon's (Weatherspoon) motion for summary judgment. For the reasons stated below, Mellon's motion for summary judgment is granted and Weatherspoon's motion for summary judgment is denied.

**BACKGROUND**

In March 2007, Equifirst Corporation (Equifirst) lent Weatherspoon approximately $127,000, in accordance with the terms of a promissory note (Note).

Mellon contends that MERS, Inc. (MERS), as nominee for Equifirst, secured its interests in the Note by filing a mortgage with the Cook County Recorder (Mortgage). Mellon contends that on September 1, 2010, MERS assigned its interest in the Mortgage to Mellon in a written assignment (Assignment). Beginning in August 2010, Weatherspoon allegedly failed to make the required monthly payments owed pursuant to the terms of the Note. Mellon asserts that as of July 15, 2011, there remains an outstanding balance of $129,903.57 due on the Note. Mellon further alleges that Ocwen Loan Servicing, LLC (Ocwen), as the servicer agent for Mellon, mailed Weatherspoon a Notice of Default (Notice of Default) on September 29, 2010. On May 24, 2011, Mellon brought the instant action seeking to foreclose on the Mortgage.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made. *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

Weatherspoon does not dispute that he was required to make monthly payments under the terms of the Note, that he has failed to make any payments owed on the Note since August 2010, or that, as of July 15, 2011, there remained an outstanding balance of $129,903.57 on the Note. Weatherspoon argues that Mellon cannot foreclose on the Mortgage, contending that Mellon lacks standing to bring the

instant action. Weatherspoon also argues that Mellon failed to satisfy the notice requirements in the Mortgage, and has failed to show that the condition precedent for bringing a foreclosure action has been met.

I. Standing

Weatherspoon argues that Mellon does not have standing to bring the instant action, contending that the Assignment purports to transfer interest in the Mortgage, but not the Note. However, under Illinois law, an assignment of a promissory note can be done by an oral assignment and transfer of possession of the promissory note. *See, e.g., Land O'Lakes Purina Feed, LLC v. WelkCo, LLC*, 2011 WL 1465632, at *3-4 (S.D. Ill. 2011)(stating that "Illinois law permits oral assignments and assignments of an instrument by a separate document, provided that there is delivery of the instrument"); *see also In re Diamond Mortg. Corp. of Illinois*, 78 B.R. 196, 199 (Bankr. N.D. Ill. 1987)(stating that "Illinois case law makes it clear that negotiation always requires delivery . . . and that delivery is valid when the maker or holder of the note has parted with possession and control over the negotiable instrument"); *Strosberg v. Brauvin Realty Services, Inc.*, 691 N.E.2d 834, 843, (Ill. App. Ct. 1998)(stating that "[w]hen a valid assignment is effected, the assignee acquires all of the interests of the assignor in the property that is transferred," and

4

that "[i]n Illinois, oral assignments are valid, unless expressly prohibited by statute"). Mellon has produced evidence showing that although the Assignment references only the Mortgage, the Note has been physically transferred to Mellon along with an intent to assign the interest in the Note to Mellon. Weatherspoon has not presented any evidence that would indicate that Mellon in fact does not possess the Note pursuant to a valid oral assignment.

Weatherspoon also argues that Ocwen was not assigned any interest in the Note or Mortgage. The Assignment includes a statement indicating that Ocwen will act as Mellon's agent in regard to Mellon's interests in the Mortgage. (Assign 1). Weatherspoon has not shown that Ocwen was barred under Illinois law from acting as Mellon's agent in sending out the Notice of Default. In fact, other than citations to the legal standard for a summary judgment motion, Weatherspoon has not cited any case to support his position in either his motion for summary judgment or his response to Mellon's motion for summary judgment. Mellon has pointed to sufficient evidence to show that it has standing in this action, and Weatherspoon has failed to point to sufficient evidence that would create a genuinely disputed fact as to standing or to show that Weatherspoon is entitled to a judgment as a matter of law on the issue of standing.

II.  Condition Precedent

Weatherspoon argues that Mellon did not technically satisfy the notice requirements in the Mortgage and therefore failed to satisfy the condition precedent for bringing a foreclosure action.  It is undisputed that, prior to an acceleration of the terms of the Mortgage, the "Lender" was required to send Weatherspoon a Notice of Default.  Mellon contends that Ocwen sent to Weatherspoon a Notice of Default by certified mail, return receipt requested, and Mellon has provided evidence indicating that Ocwen mailed the notice.  (P Mem. SJ Ex. 5).  Weatherspoon argues that in the Mortgage, the "Lender" was identified only as Equifirst.  Weatherspoon argues that neither Mellon nor Ocwen were identified as the "Lender" in the Mortgage and therefore, neither entity could satisfy the notice requirement.  Mellon correctly points out that the Mortgage also provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests including, but not limited to, the right to foreclose and sell the Property and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument."  (Mort. 3).  Thus, Mellon, through the Assignment from MERS, acquired the right to take certain actions of the Lender, Equifirst, such as the mailing of the Notice of Default.

Weatherspoon also contends that he never received the Notice of Default.

However, in regard to notices that are required to be provided to the Borrower by the Lender, the Mortgage specifies that the notice requirement is satisfied "when mailed first class mail or when actually delivered to Borrower's notice address if sent by other means." (Mort. 10). Weatherspoon has not presented any evidence to call into question the evidence presented by Mellon indicating that the Notice of Default was sent to Weatherspoon by certified mail. (P Mem. SJ Ex. 5). The Mortgage does not specify that in order to satisfy the notice requirement, Weatherspoon must have actually received the Notice of Default. Thus, even if the court were to accept as true Weatherspoon's claim that he never received the Notice of Default, it would not bar the instant action for foreclosure. Therefore, based on the above, Mellon's motion for summary judgment is granted and Weatherspoon's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, Mellon's motion for summary judgment is granted and Weatherspoon's motion for summary judgment is denied..


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   April 25, 2012